Case 6:13-cv-01924-GAP-DAB   Document 19   Filed 09/24/14   Page 1 of 8 PageID 583

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONSTANCE ELAINE CORREA,**

        **Plaintiff,**

**-vs-**                                                                                  Case No.  6:13-cv-1924-Orl-31DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits.  For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **REVERSED** and the matter be **REMANDED** for additional proceedings**.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on September 4, 2009 (R. 138-39). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 7-24).  The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in federal court, and the case has been referred to the undersigned United States Magistrate Judge.  The matter has been briefed and is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims disability due to "PTSD depression, neck and feet pain, rape trauma syndrome" and residuals from same (R. 167).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty-seven years old at the time the ALJ issued her decision (R. 138), with a high school education (R. 167-168) and prior relevant work experience as a school bus monitor, housekeeper, and cafeteria attendant (R. 18, 168).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion. In the interest of privacy and brevity, it will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes the testimony of both Plaintiff and a Vocational Expert ("the VE"); written forms and reports completed by Plaintiff; and opinions from state agency consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: major depressive disorder, PTSD (Post Traumatic Stress Disorder), GAD (generalized anxiety disorder), degenerative disc disease, chronic pain syndrome with psychosocial dysfunction (treated with pain management), right TMJ (temporomandibular joint) syndrome, and degenerative joint disorder (conservative treatment recommended) (20 CFR 404.1520(c)) (R. 12); and the record supports this uncontested finding. The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 13). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b ). She is able to occasionally lift and carry 20 pounds, and she is able to frequently lift and carry 10 pounds. She is able to stand or walk for about six hours and sit for up to six hours in an eight hour workday with usual breaks. She is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work related decisions and routine workplace changes.

(R. 14).

The ALJ determined that Plaintiff could return to her past relevant work (R. 18), and therefore, the ALJ found Plaintiff was not disabled (R. 19).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of

fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two issues for review, contending that: 1) the ALJ failed to provide reasons for rejecting the opinions of her treating psychiatrist, Dr. Raimondo; and 2) the ALJ did not properly account for multiple opinions that Plaintiff had limitations with the ability to complete a normal workday and workweek. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is

disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff contends that the ALJ improperly evaluated opinions from Plaintiff's treating psychiatrist. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Applied here, Plaintiff treated with Dr. Raimondo at East Coast Center for Psychiatry from 2007 through 2011 (R. 334-349). While the Court finds the treatment notes difficult to decipher, both the Commissioner and Plaintiff acknowledge that Plaintiff reported problems with sleep/fatigue (R. 336, 394, 479), mood changes (R. 337-346, 476-480), and presented with symptoms of anxiety and worsening depression (R. 394, 476-480). While Plaintiff's symptoms ebbed and flowed, Plaintiff reported harmful/suicidal ideas to her psychiatrist and testified at her hearing that she was currently suicidal (R. 47, R. 336 "life is not worth living," R. 349 "fleeting suicidal ideation without plan").

On November 1, 2010, Dr. Raimondo opined that Plaintiff had major depressive disorder, generalized anxiety disorder, and PTSD (R. 411) and could not work eight hours a day, five days a week due to "diminished motivation, coping [with] physical pain" (R. 412). Dr. Raimondo noted Plaintiff had a somatic preoccupation, and was suspicious, but could concentrate without obvious distractibility and intact memory (R. 411-412). On January 10, 2012, Dr. Raimondo completed a second mental assessment in which he opined that Plaintiff had moderate to marked limitations in multiple areas of functioning, with impairment of concentration, attention, decision making, sustained motivation, socialization, frustration, tolerance, outlook and organizational skills, including the ability to complete a normal workday and workweek (R 483-486). He opined:

> Ongoing depression yields impairment of concentration, attention, decision making, sustained motivation, socialization, frustration tolerance, mood/outlook, and organizational skills. These preclude employment as consistency of concentration [illegible] [and] motivation are necessary attributes and ability to make decisions, deal with change in mood, demonstrate tolerance to frustrating events are required for sustained, gainful employment and adequate completion of work assignments.
> Chronic pain, unresponsive to numerous treatment [illegible] affects ability to maintain steady work flow.
> [T]he interaction between intractable pain and depressed/anxious mood leads to a [illegible] of helplessness and hopelessness and exacerbates the patient's [f]unctional impairments.

(R. 485-486).

The ALJ reviewed the treatment notes and opinions of Dr. Raimondo and made the following findings:

> On November 1, 2010, Dr. Raimondo completed a treating source statement. Dr. Raimondo wrote that the claimant has a depressed mood and anxious affect. He said she is less interested in past activities. He said the claimant's thought processes are clear, coherent and goal oriented. He said the claimant is able to participate in a conversation without obvious distractibility. Dr. Raimondo said the claimant's memory is intact. He said that she is neat, clean and appropriately groomed. He concluded that the claimant has diminished motivation to sustain work on an eight hour a day, five days a week, basis. (Exhibit 14F) Great weight is given to this opinion because it is consistent with the treatment records and because it is in agreement with the greater weight of the evidence.
>
> On January 10, 2012, or soon after to the claimant's SSA hearing, Dr. Raimondo completed a mental residual functional capacity assessment. He opined that due to ongoing depression, the claimant is impaired in concentration, attention, decision-making, frustration tolerance, sustained motivation, socialization, mood, outlook, and organizational skills. He concluded that employment is precluded. (Exhibit 24F) Little weight is given to this opinion because the conclusion conflicts with the greater weight of the evidence. Additionally, this opinion conflicts with the opinion offered on November 1, 2010, (Exhibit 14F). Dr. Raimondo's treatment records do not support an exacerbation of symptoms between November 2010 and January 2012 (Exhibits 7F, 12F, 23F).

(R. 17).

Plaintiff contends that the ALJ's evaluation of both opinions were not made in accordance with proper standards and are not supported by substantial evidence.

As noted above, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, that statement is an opinion which needs to be considered and weighed by the ALJ. *Winschel, supra.* Here, in the 2010 opinion, Dr. Raimondo noted Plaintiff's depressed mood, anxious affect and loss of interest in past activities and offered an opinion that Plaintiff was unable to sustain employment due to "diminished motivation, coping [with] physical pain" (R. 412). The ALJ, however, interpreted this statement as a finding that "the claimant has diminished motivation to sustain work on an eight hour a day, five days a week, basis" (R. 17), without mention of the reasons Dr. Raimondo felt Plaintiff lacked motivation- namely, her depression and her difficulties dealing with her chronic pain.  To the extent the ALJ appears to have interpreted the physician's statement as a finding that Plaintiff *could* work, if she only wanted to, the Court finds insufficient support for this interpretation. While the Court is not a psychiatrist, it is general knowledge that lack of motivation or diminished interest in activities (both of which were noted to be present here) are common symptoms of depression. The presence of these symptoms in a person diagnosed with major depressive disorder, generalized anxiety disorder, and PTSD, is not evidence of malingering, but, rather, a characteristic manifestation of the condition itself.  As the ALJ gave great weight to this finding, she necessarily credited Dr. Raimondo's ultimate conclusion that Plaintiff was unable to sustain full time work activity. As this conclusion is inconsistent with the ALJ's RFC finding, error is apparent.

As for the 2012 opinion, the ALJ gave it little weight, finding that Dr. Raimondo's conclusion 1) conflicts with the greater weight of the evidence; 2) conflicts with the November 2010 opinion; and 3) "Dr. Raimondo's treatment records do not support an exacerbation of symptoms between November 2010 and January 2012 (Exhibits 7F, 12F, 23F)." (R. 17).  The Court agrees with Plaintiff that these reasons are not supported by substantial evidence and therefore fail to establish good cause for rejecting the opinion.

It is not clear what "greater weight of the evidence" the ALJ is referring to. While the opinion does conflict with the August 6, 2010 opinion rendered by a non-examining state agency psychologist,[1] the 2012 opinion was issued by a treating psychiatrist at a later time. A consultant's findings are not entitled to special weight or the deference given to a treating provider. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Anderson v. Commissioner of Soc. Sec.*, 441 Fed. Appx. 652, 653 (11th Cir. 2011) (per curiam).

To the extent the ALJ is implying that the 2012 opinion is inconsistent with the treatment notes of Dr. Raimondo, the ALJ's interpretation of those treatment notes is not supported by substantial evidence. The ALJ noted:

> The claimant consistently reported that her mental symptoms were about the same. She was compliant with her medications. Dr. Raimondo consistently prescribed the same medications and dosages indicating satisfactory management of symptoms. (Exhibits 7F, 12F, 23F).

(R. 16). In fact, the treatment notes show that Plaintiff did not always report similar symptoms and her medications were often changed and adjusted. *See e.g.* R. 336 (worsening sleep, mood changes, Xanax doesn't help) R. 393, 481 (Klonopin not working, requesting Ativan); R. 394 (worsening sleep, concentration and anxiety; discontinue Soma); R. 476, 477, 479 (worsening sleep); R. 479 (worsening temper/aggression/impulsivity); R. 340 ("Patient requests return to Prozac feels Cymbalta not as helpful").

Next, while the 2010 opinion and the 2012 opinion are not identical, that does not mean that they "conflict." As noted by Plaintiff, both opinions found significant limitations in the ability to sustain work. Further, the ALJ's finding that the treatment records "do not support an exacerbation of symptoms between November 2010 and January 2012" is not supported by substantial evidence. As noted in the Commissioner's

---

[1] The ALJ summarized this opinion as follows:
On August 6, 2010, Theodore Weber, Psy.D., a consultant with DDS, prepared a psychiatric review of the claimant's file. Dr. Weber opined that the claimant has severe affective and anxiety related disorders manifested by mild limitations in activities of daily living and social functioning and moderate limitations in concentration, persistence and pace. (Exhibit 10F). Significant weight is given to this opinion because it is consistent with the greater weight of the evidence, including specifically, the claimant's diagnostic test findings and daily activities.
Dr. Weber prepared a mental residual functional capacity assessment and opined that the claimant could understand and remember simple instructions. Dr. Weber said the claimant would be able to complete simple tasks and would be able to make work decisions. Dr. Weber said the claimant could interact in a socially appropriate manner. Dr. Weber concluded that the claimant has a long history of anxiety and depression and has worked during that time. (Exhibit 11F) Significant weight is given to this opinion because it is consistent with the greater weight of the evidence.
(R. 16-17).

own brief: "On February 24, 2011, Dr. Raimondo noted some worsening symptoms of depression and maintained Plaintiff on Prozac, Ativan and Doxepin (Tr. 479)." Doc. 18, p. 6; "On October 26, 2011, Dr. Raimondo noted increased depression (Tr. 476)." Doc. 18, p. 6.

As the reasons given by the ALJ for discrediting the 2012 opinion are not based on substantial evidence, reversal is appropriate.

*The ability to work a full workweek*

Plaintiff's last contention urges error in the ALJ's failure to credit the opinion of both Dr. Raimondo and Dr. Weber that Plaintiff had limitations in her ability to complete a normal workday and workweek. In view of the Court's findings and recommendation for reversal and reconsideration of all of the opinion evidence, this issue need not be addressed further here. Should this recommendation be adopted, the ALJ should reconsider all of the evidence in this matter, especially the opinion evidence, in accordance with appropriate standards.

## Conclusion

For the reasons set forth above, it is **respectfully recommended** that the administrative decision be **REVERSED and the matter be REMANDED under sentence four of 42 U.S.C. § 405(g)**, **for additional consideration of the opinion and other evidence**.  If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 24, 2014.

*David A. Baker*
      DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy